IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL LAW                                  *
                 Plaintiff,
  v.                                          *  CIVIL ACTION NO. ELH-14-2548

DARRELL NEARON                               *
KIM WITCZAK
                 Defendants.               *
                                    *****

MEMORANDUM

On August 11, 2014, Darrell Law, who is confined at the Cecil County Detention Center ("CCDC"),[1] filed a civil rights action against two employees of the Maryland Department of Health and Mental Hygiene ("MDHMH"), pursuant to 42 U.S.C. § 1983. He alleges that defendants failed to "adhere to criminal procedure [Maryland] Rule 3-114, *et seq*. within the time mandated and/or the 60 days stated pursuant to the Order of March 31, 2014."[2] ECF No. 1. Law states that a mental health evaluation was conducted on May 16, 2014, but alleges that his "procedural right to due process, as well as, liberty interest was violated because of the

---

[1] According to the state court docket, in December 2013, Law was charged with one count of theft valued from $1,000.00 to $10,000.00 and two counts of theft valued at less than $1,000.00. He was arraigned on December 18, 2013. A criminal jury trial was postponed and, pursuant to a hearing on March 31, 2014, before a Cecil County Circuit Court judge, Law was committed to the Department of Health and Mental Hygiene for examination and report as to his criminal responsibility and competency to stand trial. It was further ordered that Law was to remain confined at the CCDC before and after the examination, pending further order of the court. The competency report was to be provided to the Circuit Court, State's Attorney, and Office of the Public Defender within sixty days, absent good cause. A competency hearing occurred on August 6, 2014. Law was found not incompetent to stand trial, his bond was set at $10,000.00, and his trial currently is scheduled for January 29, 2015. *See State v. Law*, Case Number 07K13002024 (Circuit Court for Cecil County).

[2] Maryland Rule of Criminal Procedure § 3-114 pertains to the eligibility for release of one who has been committed to the Maryland Department of Health and Mental Hygiene on criminal responsibility and competency issues.

Department's negligible and indifferent activity." ECF No. 1.  He seeks damages for their alleged failure to "adhere" to Maryland statute.  Because he appears indigent, Law's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.  The complaint shall, however, be dismissed.

When generously construing his complaint, the court finds that Law is complaining that defendants failed to comply with a Maryland statute and/or state judicial order.  Law, however, fails to cite to a specific provision of Maryland law that was violated.  The state court docket shows that on March 31, 2014, Circuit Court Judge V. Michael Whelan ordered the MDHMH to conduct a competency examination and to file a report within sixty days.  According to Law's own facts, he was evaluated by MDHMH staff on May 6, 2014.  Judge Whelan received the evidence and on August 6, 2014, found that Law was competent to stand trial.  *See* Maryland Code, Criminal Procedure Article § 3-104(b).  There is no showing that a report was not provided to the Cecil County Circuit Court, the State's Attorney, or defense counsel within the time period directed by the Judge.

In any event, "not every violation of state law rises to the level of a constitutional violation." *See Robles v. Prince George's County,* 308 F.3d 437, 2002 WL 31422842 (4th Cir. October 29, 2002).  Numerous cases state that a violation of state law is not by itself enough to state a § 1983 claim. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 146–47 (1979); *Jackson v. City of Joliet*, 715 F.2d 1200, 1205 (7th Cir. 1983); *Hagee v. City of Evanston*, 530 F. Supp. 585, 587 (N.D. Ill. 1982); *Robinson v. Leary*, 401 F. Supp. 1027, 1030–31 (N.D. Ill. 1975).  It is certain that a violation of a duty under a state statute, by itself, is not sufficient to state a § 1983 claim. *See Brown v.Grabowski,* 922 F.2d 1097, 1113 (3d Cir. 1990) (citing *Maine v. Thiboutot,* 448 U.S. 1 (1980)).

Law has asserted liability against defendants based on alleged violations of state law and judicial order.  Violations of state law and procedures, however, do not constitute violations of substantive federal due process.  To find otherwise would convert every charge of a violation of state law into a due process action.  *See Clark v. Link*, 855 F.2d 156, 163 (4th Cir. 1988).

For the aforementioned reasons, the court shall dismiss the case for the failure to state a claim and without requiring service of process on defendants.  A separate Order follows.


Date: September 2, 2014                              /s/                             
                                                Ellen Lipton Hollander
                                                United States District Judge